UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURIE A. HUBBARD,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 2:25-cv-43

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 45 years of age on her alleged disability onset date. (PageID.518, 638). She successfully completed high school and worked previously as a cashier, sawmill worker, and nurse assistant. (PageID.524). Plaintiff applied for benefits in 2021 alleging that she had been disabled since December 1, 2018, due to gastrointestinal issues, nausea, vomiting, headaches, diarrhea, abdominal pain, constipation, fissure surgery, degenerative disc disease, and difficulty walking. (PageID.516, 652).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Arman Rouf, in an opinion dated January 18, 2024, determined that Plaintiff was disabled beginning October 23, 2023, but not prior thereto. The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2022. (PageID.518); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff, since her alleged onset date, experienced the following severe impairments: bilateral hip disorder, degenerative disc disease of the lumbar spine, chronic pain syndrome, anxiety disorder, depressive disorder, personality disorder, post-traumatic stress disorder, and learning disorder.

(PageID.518-19). The ALJ found these impairments, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.518-20).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can never push or pull with the left lower extremity but can occasionally push or pull with the right lower extremity; (2) she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; (3) she can never climb ladders, ropes, or scaffolds; (4) she must avoid exposure to extreme cold; (5) she can tolerate occasional exposure to vibration; (6) she must avoid unprotected heights and dangerous moving machinery; (7) she can understand, remember, and carry out simple instructions; (8) she can maintain attention, concentration, persistence, and pace for two-hour segments; (9) she can use judgment to make simple work-related decisions; (10) she can deal with occasional changes in a routine work setting; and (11) she can frequently interact with supervisors, occasionally interact with co-workers, but never interact with the public. (PageID.520).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exist in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed.

Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

A vocational expert testified that there are approximately 24,000 jobs in the national economy that an individual with such an RFC can perform. (PageID.525). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

The ALJ found this evidence persuasive but further determined that, as of October 23, 2023, the date on which Plaintiff turned 50 years old, Plaintiff was disabled pursuant to the Medical-Vocational guidelines.[1] Having determined that Plaintiff was disabled as of October 23, 2023, but not prior thereto, the ALJ approved Plaintiff's application for SSI benefits with a disability onset date of October 23, 2023. Plaintiff's DIB application, however, was denied because her disability did not begin until after the expiration of her insured status. In her appeal, Plaintiff raises three

---

[1] **Error! Main Document Only.** The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if she satisfies the requirements of one of the particular rules correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

issues: (1) the ALJ failed to consider that she suffers from Lupus; (2) the ALJ inaccurately stated that her impairments would improve with treatment; and (3) the ALJ failed to properly assess her ability to function on a daily basis.

**I.   Lupus**

Plaintiff was represented by counsel in her proceedings before the ALJ. (PageID.403-06). When Plaintiff and her attorney appeared before the ALJ, Plaintiff's counsel stated that the record before the ALJ was "complete." (PageID.406). With respect to the evidence before the ALJ, Plaintiff has failed to identify, and the Court cannot locate, any evidence suggesting that Plaintiff was experiencing or had been diagnosed with Lupus or similar impairment.

Instead, Plaintiff first presented this evidence to the Appeals Council following the ALJ's decision. (ECF No. 9, PageID.2314-2343). The Appeals Council considered this evidence but concluded that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (PageID.386). As is well recognized, however, in assessing Plaintiff's appeal, this Court cannot consider evidence that was not presented to the ALJ.

In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff is not entitled to remand for at least two reasons. First, Plaintiff has advanced no argument in support of remand. Plaintiff merely notes the existence of the evidence in question and argues that relief is appropriate. Plaintiff has failed to articulate good cause for her failure to present this evidence to the ALJ. Likewise, Plaintiff has failed to advance any argument that consideration of this evidence by the ALJ would reasonably resulted in a different outcome. It is Plaintiff's obligation to clearly articulate the basis for her claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). The undersigned finds, therefore, that Plaintiff has waived this claim. *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

Second, even were the Court to overlook Plaintiff's waiver, the result is the same. While the evidence in question supports a diagnosis of Lupus, it fails to suggest that such limited Plaintiff to a greater degree than the ALJ recognized in his RFC assessment. Accordingly, this claim of error is rejected.

## II. Continuing Disability Review

At the conclusion of his opinion awarding benefits to Plaintiff, the ALJ noted that "[m]edical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 24 months." (PageID.526). Plaintiff takes issue with this statement on the ground that she is not, in fact, improving with treatment.

Federal law provides that, if an individual is entitled to disability benefits, his or her continued entitlement to such benefits must be reviewed periodically. *See* 20 C.F.R. 404.1594(a). The ALJ's statement reflects nothing more than this statutory requirement. Moreover, as Defendant correctly observes, no such continuing disability review has been performed. Accordingly, this issue is not properly before the Court.

### III. Daily Functioning

Finally, Plaintiff argues that her ability to function on a daily basis is severely limited, implying that the ALJ's assessment of such is not supported by substantial evidence. Plaintiff has failed to identify any shortcoming in the ALJ's analysis, however. Rather, Plaintiff's argument is based entirely on her *current* ability to function.[2] Plaintiff's present ability to function is not relevant as the question before the Court is whether the ALJ's decision is supported by substantial evidence and when making this assessment the Court can consider only that evidence which was properly presented to the ALJ. Accordingly, this claim of error is rejected.

### CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] Plaintiff's entire argument consists of a description of her activities on July 21, 2025. (ECF No. 17, PageID.2368).

-10-

Respectfully submitted,

Date: November 21, 2025                             /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge