UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| LAURIE A. HUBBARD, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-43 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Laurie Hubbard, proceeding without the assistance of counsel, challenges the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The Magistrate Judge issued a report recommending the court affirm the decision (ECF No. 22). Plaintiff filed objections (ECF No. 23). The court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff filed for benefits in 2021 alleging she had been disabled since 2018. The ALJ issued an opinion in January 2024. The ALJ found that Plaintiff had been disabled

since October 23, 2023, but not prior to that date. Plaintiff's insured status expired on December 31, 2022. To be eligible for disability insurance benefits under Title II, Plaintiff needed to show that she became disabled prior to the expiration of her insured status.

In the R&R, the Magistrate Judge addresses three arguments Plaintiff raised in her appeal. First, Plaintiff alleges she was diagnosed with lupus / undifferentiated connective tissue disease well before the hearing with the ALJ. She asserts she has seen a doctor for lupus going back to 2019 and that her medical records show issues dating back to 2017. Second, Plaintiff argues that the ALJ erred in concluding that, with treatment, Plaintiff should recover and be employable. Plaintiff contends her medical records do not support that conclusion. Finally, the Magistrate Judge interprets Plaintiff's brief as arguing that her ability to function on a daily basis is severely limited. The Magistrate Judge addressed each argument and explained why Plaintiff failed to show an error in the ALJ's decision.

The court has carefully reviewed Plaintiff's objections. The court is sympathetic to Plaintiff's situation; she has serious health issues and the process for obtaining benefits can be difficult. Nevertheless, the court cannot provide Plaintiff with any relief because she has not met her burden at this stage in the process. Plaintiff's objections constitute general disagreements with the process, the ALJ and the Magistrate Judge's conclusions. Plaintiff has not identified any factual or legal error in the R&R with sufficient specificity. For example, the Magistrate Judge finds that even if Plaintiff's evidence would support a diagnosis of Lupus, Plaintiff has not pointed to evidence establishing limitations in a greater degree that those identified by the ALJ in his assessment. Plaintiff clearly disagrees with these

findings, but does not point to specific evidence in the record that she presented to the ALJ or explain why counsel did not present the evidence to the ALJ.

At the end of her objections, Plaintiff informs the court that she recently had an appointment with a surgeon to repair injuries to her left leg. She also informs the court she has been re-diagnosed with epilepsy. She did not present either of these issues to the Social Security Administration, to the ALJ or to the Magistrate Judge and this court cannot consider either of these conditions.

Accordingly, the court **ADOPTS** the Report and Recommendation (ECF No. 22) and **AFFIRMS** the decision of the Commissioner of Social Security. **IT IS SO ORDERED.**

Date:   December 9, 2025                    /s/  Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge